UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ENERGY INTELLIGENCE GROUP, INC., | Civil Action No. 4:16-229 |
| Plaintiff, | |
| v. | **COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| ENTERPRISE PRODUCTS COMPANY, | |
| Defendant. | **Demand for Trial by Jury** |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff Energy Intelligence Group, Inc. ("EIG"), by and through its undersigned counsel, alleges the following for its original Complaint against Enterprise Products Company ("Defendant") based on personal knowledge and on information and belief as appropriate:

### INTRODUCTION

1.      Plaintiff brings this action against Defendant under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* (the "Copyright Act") for, among other things, willful infringement of Plaintiff's registered copyrights.

### THE PARTIES

2.      EIG is a Delaware corporation with a principal place of business located at 5 East 37th Street, New York, New York 10016-2807.

3.      Upon information and belief, Defendant is a corporation organized and existing under the laws of Texas, with a principal place of business located at 1100 Louisiana Street, Houston, Texas 77002.

## JURISDICTION AND VENUE

4.       This Court has jurisdiction over the subject matter of this dispute pursuant to Section 501, *et seq.* of the Copyright Act and 28 U.S.C. §§ 1331 and 1338(a).

5.       This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant's principal place of business is located in Houston, Texas and Defendant is registered to do business in, and is doing business in the State of Texas and in this District. Furthermore, upon information and belief, many of the acts of infringement alleged in this Complaint occurred within this District.

6.       Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

## FACTS

### A.       Plaintiff's Publications

7.       Plaintiff has been engaged in publishing newsletters and other publications for the highly-specialized global energy industry for over six decades. In particular, Plaintiff has published the weekly newsletter *Natural Gas Week* ("NGW") since at least as early as 1986.

8.       The audience for Plaintiff's publications, including NGW, consists of individuals with an interest in the oil and gas industries, including bankers, investors, stock market analysts, traders, commodity analysts, and others who follow these industries or sell goods and/or services to those in or following these industries. A copy of the February 2, 2015 issue of NGW (the "February 2, 2015 NGW Copyrighted Work") is attached hereto as **Exhibit A**.

9.       Plaintiff's focus is on providing original, high-quality articles and analysis relating to the energy industry. Plaintiff has invested significant time and resources to develop its publications and services, including NGW.

10.     Plaintiff's publications do not feature or have any advertisements or sponsors and therefore, are highly dependent on paid subscriptions to sustain the viability of the publications.

11.     Plaintiff maintains an experienced and knowledgeable editorial staff of approximately sixty (60) reporters, editors, and analysts at seven (7) editorial bureaus located in New York, Washington, D.C., Houston, London, Moscow, Dubai, and Singapore.

12.     The original content and analysis created by Plaintiff and included in NGW and its other original publications are valuable assets. Plaintiff also publishes other original publications in addition to NGW, including, but not limited to:

> *Oil Daily*;
> *Energy Compass*;
> *Energy Intelligence Briefing*;
> *EI Finance*;
> *International Oil Daily*;
> *Jet Fuel Intelligence*;
> *LNG Intelligence*;
> *Petroleum Intelligence Weekly*;
> *NGW's Gas Market Reconnaissance*;
> *Nefte Compass*;
> *Oil Market Intelligence*;
> *Nuclear Intelligence Weekly*;
> *World Gas Intelligence*;
> *EI New Energy*;
> *Petroleum Intelligence Weekly Data Source*;
> *Oil Market Intelligence Data Source*;
> *Natural Gas Weekly Data Source*;
> *World Gas Intelligence Data Source*;
> *Nefte Compass Data Source*; and
> *EI New Energy Data Source*.

13.     Plaintiff has developed an invaluable reputation for its extremely high standards and the reliability of the content of all of its publications, including NGW.

14.     In order for third parties to benefit from Plaintiff's analytical and creative content contained in NGW and its other publications, Plaintiff requires interested parties to purchase various subscriptions to receive the valuable information contained therein.

3

15.     Interested parties have various subscription options depending on their respective needs. Subscribers typically obtain NGW and Plaintiff's other publications by e-mail and/or from Plaintiff's website, which permits password-protected access to current and/or archived issues, pursuant to a subscription or license agreement.

16.     Interested parties that do not maintain a subscription or license agreement may also purchase individual articles appearing in NGW and Plaintiff's other publications, as well as archived issues, from Plaintiff using Plaintiff's pay-per-article service. The license fee per article, per copy, for Plaintiff's publications that are published weekly, such as NGW, is $24.00. The license fee for this pay-per-article service is multiplied by the number of copies required to supply each user of the requested article with an individual copy of the article to calculate the total licensing fee.

17.     Interested parties that do not maintain a subscription or license agreement may also purchase individual issues of NGW and others of Plaintiff's publications, as well as archived issues, from Plaintiff using Plaintiff's pay-per-issue service. The license fee per issue, per copy, for Plaintiff's publications that are published weekly, such as NGW, is $395.00. The license fee for this pay-per-issue service is multiplied by the number of copies of the requested issue to calculate the total licensing fee.

**B.     Plaintiff's Copyrights and Notices**

18.     Plaintiff provides copyright notices and warnings on its website, e-mails, articles, and publications, including NGW, so that third parties are aware of Plaintiff's rights in its publications and works of original authorship (the "Copyright Notices and Warnings"). As a representative example, the email that delivered the February 2, 2015 NGW Copyrighted Work to the Defendant contained a Copyright Notice which states:

4

Copyright (c) 2015 by Energy Intelligence Group, Inc. All rights reserved. Reproduction or distribution internally or externally in any manner (photostatically, electronically, or via facsimile), including by sharing printed copies, or forwarding or posting on local-and wide-area networks and intranets, or sharing user name and password, is strictly prohibited without appropriate license from Energy Intelligence – contact CustomerService@energyintel.com for more information.

A true and accurate copy of the email that delivered the February 2, 2015 NGW Copyrighted Work to the Defendant, and the Copyright Notice and Warnings associated therewith, is attached hereto as **Exhibit B**.

19.    As an additional representative example, the Copyright Notice and Warnings on the front cover of the February 2, 2015 NGW Copyrighted Work specifically state: "Copyright © 2015 Energy Intelligence Group. All rights reserved. Unauthorized access or electronic forwarding, even for internal use, is prohibited." **Exhibit A, p. 1**.

20.    As a further representative example, the Copyright Notice and Warnings contained in the masthead of the February 2, 2015 NGW Copyrighted Work specifically state:

COPYRIGHT © 2015 by Energy Intelligence Group, Inc. . . . All rights reserved. Access, distribution and reproduction are subject to the terms and conditions of the subscription agreement and/or license with Energy Intelligence Group. Access, distribution, reproduction or electronic forwarding not specifically defined and authorized in a valid subscription agreement or license with Energy Intelligence is willful copyright infringement. Additional copies of individual articles may be obtained using the pay-per-article feature offered at www.energyintel.com.

**Exhibit A, p. 19.**

21.    Based upon the representative examples of the Copyright Notices and Warnings, Plaintiff is in compliance with the copyright notice requirements set forth in the Copyright Act, 17 U.S.C. § 401. Accordingly, Defendant knew or should have known that the February 2, 2015 NGW Copyrighted Work and all other issues of NGW received by Defendant (hereinafter

5

collectively referred to as the "NGW Copyrighted Works") were protected by U.S. copyright laws.

22.     Having complied with the copyright notice requirements set forth in the Copyright Act, 17 U.S.C. § 401, Plaintiff has provided Defendant with complete and proper notice of Plaintiff's copyright rights.

23.     Among other copyright registrations, Plaintiff is the owner of the following U.S. Copyright Registrations for the "NGW Copyrighted Works," which are attached hereto as **Exhibit C**:

- No. TX 6-778-526 for Volume 26 covering 4 works published in July 2010;
- No. TX 6-716-398 for Volume 26 covering 5 works published in August 2010;
- No. TX 6-777-324 for Volume 26 covering 4 works published in September 2010;
- No. TX 6-718-335 for Volume 26 covering 4 works published in October 2010;
- No. TX 6-782-086 for Volume 26 covering 5 works published in November 2010;
- No. TX 6-782-088 for Volume 26 covering 4 works published in December 2010;
- No. TX 6-782-087 for Volume 27 covering 5 works published in January 2011;
- No. TX 6-782-084 for Volume 27 covering 4 works published in February 2011;
- No. TX 6-781-709 for Volume 27 covering 4 works published in March 2011;
- No. TX 6-781-708 for Volume 27 covering 4 works published in April 2011;
- No. TX 6-782-085 for Volume 27 covering 5 works published in May 2011;
- No. TX 6-782-083 for Volume 27 covering 4 works published in June 2011;
- No. TX 6-782-121 for Volume 27 covering 4 works published in July 2011;
- No. TX 7-625-308 for Volume 27 covering 4 works published in July 2011;
- No. TX 7-548-482 for Volume 27 covering 5 works published in August 2011;
- No. TX 7-548-479 for Volume 27 covering 4 works published in September 2011;
- No. TX 7-548-471 for Volume 27 covering 5 works published in October 2011;
- No. TX 7-548-402 for Volume 27 covering 4 works published in November 2011;
- No. TX 7-548-383 for Volume 27 covering 4 works published in December 2011;
- No. TX 7-548-409 for Volume 28 covering 5 works published in January 2012;
- No. TX 7-548-677 for Volume 28 covering 4 works published in February 2012;
- No. TX 7-548-678 for Volume 28 covering 4 works published in March 2012;
- No. TX 7-548-675 for Volume 28 covering 5 works published in April 2012;
- No. TX 7-548-457 for Volume 28 covering 4 works published in May 2012;
- No. TX 7-547-966 for Volume 28 covering 4 works published in June 2012;

- No. TX 7-547-965 for Volume 28 covering 3 works published in July 2012;
- No. TX 7-664-057 for Volume 28 covering 2 works published in July 2012;
- No. TX 7-615-848 for Volume 28 covering 4 works published in August 2012;
- No. TX 7-614-509 for Volume 28 covering 4 works published in September 2012;
- No. TX0 8-054-500 for Volume 28 covering 5 works published in October 2012
- No. TX-8-054-516 for Volume 28 covering 4 works published in November 2012;
- No. TX 7-690-101 for Volume 28 covering 5 works published in December 2012;
- No. TX 7-690-170 for Volume 29 covering 4 works published in January 2013;
- No. TX 7-707-489 for Volume 29 covering 4 works published in February 2013;
- No. TX 7-704-668 for Volume 29 covering 4 works published in March 2013;
- No. TX 7-729-230 for Volume 29 covering 5 works published in April 2013;
- No. TX 7-732-224 for Volume 29 covering 4 works published in May 2013;
- No. TX 7-729-068 for Volume 29 covering 4 works published in June 2013;
- No. TX0 7-759-289 for Volume 29 covering 5 works published in July 2013;
- No. TX0 7-759-092 for Volume 29 covering 4 works published in August 2013;
- No. TX 7-898-912 for Volume 29 covering 5 works published in September 2013;
- No. TX 7-808-532 for Volume 29 covering 4 works published in October 2013;
- No. TX 7-995-200 for Volume 29 covering 5 works published in November 2013;
- No. TX 7-809-217 for Volume 29 covering 5 works published in December 2013;
- No. TX 7-875-065 for Volume 30 covering 4 works published in January 2014;
- No. TX 7-890-593 for Volume 30 covering 4 works published in February 2014;
- No. TX 7-931-297 for Volume 30 covering 5 works published in March 2014;
- No. TX 7-890-783 for Volume 30 covering 4 works published in April 2014;
- No. TX 7-941-627 for Volume 30 covering 4 works published in May 2014;
- No. TX 7-950-876 for Volume 30 covering 5 works published in June 2014;
- No. TX 7-943-488 for Volume 30 covering 4 works published in July 2014;
- No. TX 7-933-036  for Volume 30 covering 4 works published in August 2014;
- No. TX 7-958-666 for Volume 30 covering 5 works published in September 2014;
- No. TX0-796-658  for Volume 30 covering 4 works published in October 2014;
- No. TX0 7-985-943 for Volume 30 covering 4 works published in November 2014:
- No. TX0 7-985-796 for Volume 30 covering 5 works published in December 2014;
- No. TX ------- for Volume 31 covering 4 works published in January 2015 (application pending);
- No. TX ------- for Volume 31 covering 4 works published in February 2015 (application pending);
- No. TX ------- for Volume 31 covering 5 works published in March 2015 (application pending);
- No. TX ------- for Volume 31 covering 4 works published in April 2015 (application pending);
- No. TX ------- for Volume 31 covering 4 works published in May 2015 (application pending);
- No. TX ------- for Volume 31 covering 5 works published in June 2015 (application pending);
- No. TX ------- for Volume 31 covering 4 works published in July 2015 (application pending);
- No. TX ------- for Volume 31 covering 5 works published in August 2015 (application pending);

• No. TX ------- for Volume 31 covering 4 works published in September 2015 (application pending);
• No. TX ------- for Volume 31 covering 4 works published in October 2015 (application pending);
• No. TX ------- for Volume 31 covering 5 works published in November 2015 (application pending);
• No. TX ------- for Volume 31 covering 4 works published in December 2015 (application pending).

**C.     Defendant's Subscription History to the Infringed Copyrighted Works**

24.     Defendant has maintained a subscription to NGW since at least as early as September 12, 2007, and has renewed its subscription annually through August 29, 2016. Defendant has received its copies of NGW either in PDF format attached to an email, or by downloading the publication from Plaintiff's website.

25.     For the period from September 12, 2007 to March 3, 2010, Defendant maintained a subscription agreement which provided it with a single copy of NGW via Plaintiff's password-protected website, whereby the employee designated by Defendant to receive NGW selects a unique user ID and password that is used to log on to Plaintiff's website.  After logging on to Plaintiff's website, the designated recipient can view and/or download issues of NGW.  From March 3, 2010 through the present, Defendant elected to receive its single copy of NGW as a PDF or HTML attachment to an email.

26.     For the period from September 12, 2007 to June 9, 2008, Linda Cole was the person designated by Defendant to receive each single copy of NGW.  From June 9, 2008 through July 3, 2008, Jeff Welch was the individual designated by Defendant to receive each single copy of NGW via web access. On July 3, 2008, the delivery method was changed at Defendant's request to email delivery, and Jeff Welch received each single copy of NGW via email delivery until April 29, 2009. On April 29, 2009, Defendant's subscription was upgraded to Web Full Archives, and Jeff Welch obtained each single copy of NGW via web access until August 28, 2009, when the subscription was suspended for non-payment. On September 16,

2009, payment was received and the subscription was reinstated, and from that date until March 3, 2010, Jeff Welch obtained each single copy of NGW via web access. On March 3, 2010, the individual designated by Defendant to receive NGW was changed at Defendant's request to Linda Cole, and from that date until July 19, 2010, Linda Cole received each single copy of NGW via web access. On July 19, 2010, the delivery method was changed at Defendant's request to email delivery, and from that date to the present, Linda Cole has been the individual designated to receive each single copy of NGW via email delivery.

27.     For the period from September 12, 2007 through the present, Plaintiff transmitted to Defendant invoices and subscription agreements on an annual basis for renewal of the single-copy subscription to NGW. By way of example, the invoice and subscription agreement for the single-copy subscription to NGW, in effect as of August 28, 2015 ("the Agreement") specifically states that "By payment hereof, you hereby acknowledge receipt, review and acceptance of Energy Intelligence's Terms and Conditions shown below." A copy of the aforementioned Agreement is annexed hereto as **Exhibit D**.

28.     The Agreement further states in part: "[a]ll unauthorized reproductions, or disseminations or other uses of material contained in the EIG Services shall be deemed willful infringement of EIG's copyright and/or other proprietary and intellectual property rights." *See* **Exhibit D, p. 2**.

29.     No subscription agreement(s) has or have ever authorized Defendant to copy the NGW Copyrighted Works, including the February 2, 2015 NGW Copyrighted Work, in violation of Plaintiff's registered copyrights.

30.     Defendant has accepted the terms and conditions set forth in the subscription agreements provided by Plaintiff, including the Agreement.

**D.**      **Defendant's Infringement of Plaintiff's Copyrighted Works**

31.      On or about February 4, 2015, Plaintiff's account representative, Mr. Derrick Dent, called Ms. Linda Cole, an employee of Defendant designated by Defendant to receive Defendant's single-copy subscription to NGW.   Mr. Dent contacted Ms. Cole to discuss Defendant's subscription to NGW.  When asked if the service was acceptable, Ms. Cole stated, "Yes as far as I know. I haven't heard anything from anyone in the group who receives it." Mr. Dent asked Ms. Cole if other employees of Defendant receive NGW, and Ms. Cole responded that she receives the NGW publication and others also receive copies of the publication.

32.      On Thursday, February 5, 2015, Mr. Dent emailed Ms. Cole asking her for the identities of the other individuals who receive NGW.  Shortly thereafter, Ms. Cole replied, "I don't know who they are all [sic], but I'll see if I can find out." That same day, Ms. Cole sent another email stating, "I looked at my old invoices (before it changed to a central person) and it looks like I'm the only one on the subscription for the Data Source. I don't have anything for the actual publication that I also receive so I don't know if any others are receiving the publication."

33.      On Monday, February 9, 2015, Mr. Dent spoke with Ms. Crystal Cummings, another employee of defendant, over the phone about the NGW subscription. Ms. Cummings instructed Mr. Dent to direct all questions regarding the subscription to her, rather than Ms. Cole, and indicated that if she received any information regarding the use of the NGW publication, she would let Mr. Dent know.

34.      On February 10, 2015, Mr. Dent emailed Ms. Cummings, stating that it appeared from his conversations with Ms. Cole that Ms. Cole may not be the only person receiving copies of NGW and asked if any other employees of Defendant received copies of NGW.

35.     Ms. Cummings responded, "[w]hat does the contract say? Is this subscription technically for 1 user? I need more information on this account still." In response, Mr. Dent advised Ms. Cummings that Defendant's subscription to NGW was a single-copy subscription and that Ms. Cole was the person designated by Defendant to receive the publication.

36.     On February 17, 2015, Ms. Cummings replied to Mr. Dent indicating that Ms. Cole was the only employee of Defendant who received copies of NGW.  Upon information and belief, this statement was an effort to conceal Defendant's infringement of the NGW Copyrighted Works from Plaintiff.

37.     On February 23, 2015, counsel for EIG sent a letter to Craig W. Murray, Defendant's General Counsel and Group Senior Vice President, advising Defendant that making copies of EIG's publications is impermissible and in violation of federal copyright law.  The letter also requested that Defendant conduct an investigation to determine the scope of use of EIG publications by employees of Defendant. The letter is attached hereto as **Exhibit E**.

38.     On February 27, 2015, five days after EIG's counsel sent Defendant a letter requesting an investigation into Defendant's infringement of EIG's copyrighted publications Mr. Murray, Defendant's General Counsel, directly called Defendant's account representative Mr. Dent, despite being aware that EIG was represented by counsel. Mr. Murray stated that he received a letter from EIG's lawyers and asked Mr. Dent if he was familiar with the letter. Mr. Dent responded that he was not familiar. Mr. Murray continued and proposed that Defendant purchase an additional subscription to "take care of the problem."

39.     On March 5, 2015, counsel for EIG sent a letter to Mr. Murray reiterating the request for an investigation into the use of EIG's publications by employees of Defendant, and

instructing Mr. Murray to direct all communications concerning the matter to EIG's attorneys, rather than representatives of EIG.

40.     On September 3, 2015, Plaintiff's Account Services Manager, Deborah Brown, received a telephone call from Leveryi Adams, who indicated that she was an employee of Genesis Energy, LP ("Genesis Energy").  Ms. Adams explained that she had been formerly employed by Defendant but part of Defendant's business had recently been acquired by Genesis Energy.  Ms. Adams further explained that she had been receiving copies of NGW from Defendant, but had not received it for the past two weeks.

41.     Upon information and belief, Ms. Adams ceased being employed by Defendant and became an employee of Genesis Energy in July, 2015.

42.     Upon information and belief, Defendant continued to distribute infringing copies of NGW for at least six months after Plaintiff's February 23, 2015 letter expressly informed Defendant that doing so constitutes copyright infringement, and even sent infringing copies to third parties.

43.     Upon information and belief, Defendant has been copying the NGW Copyrighted Works and the articles contained therein since at least as early as July, 2010.

44.     At no time did Plaintiff grant Defendant permission to copy the NGW Copyrighted Works or the articles contained therein on the continuous and systematic basis undertaken by Defendant.

45.     Upon information and belief, Defendant's email systems, servers and computer systems are highly secure and only those individuals or entities that Defendant designates may access the system.

46.     Upon information and belief, Defendant's email systems, servers and computer systems cannot be accessed by the general public or by Plaintiff.

47.     Upon information and belief, Defendant actively and willfully concealed its regular and systematic reproduction of unauthorized copies of the NGW Copyrighted Works and the articles contained therein.

48.     Upon information and belief, Defendant's past and ongoing actions of copying the NGW Copyrighted Works constitute willful infringement of Plaintiff's valid and subsisting copyrights in the NGW Copyrighted Works and the articles therein.

## CAUSE OF ACTION

### COUNT ONE
### (COPYRIGHT INFRINGEMENT)

49.     Plaintiff incorporates the allegations of Paragraphs 1 through 47 as though fully set forth herein.

50.     Plaintiff was and is the exclusive holder of all rights, title and interest in and to the NGW Copyrighted Works and the articles, as separate and distinct works, contained therein, and is the owner of valid copyright registrations for the NGW Copyrighted Works. *See* **Exhibit C**.

51.     Each entire publication and the articles contained in the NGW Copyrighted Works are highly original and contain creative expression and independent analysis. *See* **Exhibit A**.

52.     Copies of the NGW Copyrighted Works and the articles contained therein were made available to and were received by Defendant pursuant to subscription agreements.

53.     Upon information and belief, Defendant has for years willfully copied the NGW Copyrighted Works and the articles contained therein on a consistent and systematic basis, and concealed these activities from Plaintiff.

54.     Based upon the inclusion of the Copyright Notices and Warnings in the subscription agreements, the various warnings contained in each of Plaintiff's publications, including the NGW Copyrighted Works, and the Copyright Notices and Warnings in the publication notification emails, Defendant knew and/or was on notice that the NGW Copyrighted Works are protected by the copyright laws, and therefore is unable to assert a defense of innocent infringement. *See* 17 U.S.C § 401(d).

55.     Defendant's subscription agreements, including the Agreement, to the NGW Copyrighted Works prohibit copying of any NGW work and articles contained therein.

56.     Upon information and belief, Defendant willfully infringed the copyrights in the NGW Copyrighted Works and the articles contained therein by acting with knowledge that its actions constituted infringement, or at least with reckless disregard that the conduct complained about constitutes infringement.

57.     Defendant's aforesaid acts violate Plaintiff's exclusive rights under § 106 of the Copyright Act of 1976, 17 U.S.C. § 106, as amended, and constitute willful infringement of Plaintiff's copyrights in the NGW Copyrighted Works and the articles contained therein. Defendant's past and continuing copying of Plaintiff's NGW Copyrighted Works and the articles contained therein constitutes a willful, deliberate and ongoing infringement of Plaintiff's copyrights and is causing irreparable harm and damage to Plaintiff.

58.     Plaintiff has no adequate remedy at law.

## **JURY DEMAND**

Plaintiff hereby demands a jury trial.

14

# **PRAYER**

WHEREFORE, Plaintiff demands judgment against Defendant on the foregoing claim as follows:

(1)     That Defendant, its directors, officers, agents, subsidiaries and affiliates and all persons acting by, through, or in concert with any of them, be permanently enjoined from infringing any copyrights of Plaintiff in any manner, and from copying, exhibiting, transmitting, displaying, distributing or preparing derivative works from any of the copyrighted material in any past, present or future issue of NGW, including the NGW Copyrighted Works and the articles contained therein;

(2)     That Defendant be required to pay to Plaintiff such actual damages as it has sustained as a result of Defendant's copyright infringement and/or statutory damages pursuant to 17 U.S.C. § 504;

(3)     That Defendant be required to account for and disgorge to Plaintiff all gains, profits, and advantages derived from its copyright infringement pursuant to 17 U.S.C. § 504;

(4)     That Defendant be required to pay Plaintiff an increase in the award of statutory damages due to Defendant's willful infringement pursuant to 17 U.S.C. § 504(c)(2);

(5)     That the Court issue an Order requiring Defendant to hold harmless and indemnify Plaintiff from any claim(s) raised by any third party who allegedly relied upon any of Plaintiff's publications it received as a result of Defendant's unauthorized use of Plaintiff's copyrighted materials;

(6)     That the Court enter judgment against Defendant in favor of Plaintiff for all claims, including pre-judgment and post-judgment interest, as allowed by law;

(7)     That the Court enter judgment against Defendant finding that its unlawful copying of the NGW Copyrighted Works and the articles contained therein is willful;

15

(8)     That Defendant be ordered to pay Plaintiff's costs in this action along with reasonable

         attorneys' fees; and

(9)     That Plaintiff be granted such other, further and different relief as the Court deems

         just and proper.

                                        Respectfully submitted,

                                        Powley & Gibson, P.C.


Dated: January 26, 2016           By:    /s/ Robert L. Powley
                                        Robert L. Powley (Attorney-In-Charge)
                                        rlpowley@powleygibson.com
                                        New York State Bar No. 2467553
                                        (*pro hac vice* motion to be filed)
                                        James M. Gibson
                                        jmgibson@powleygibson.com
                                        New York State Bar No. 2622629
                                        (*pro hac vice* motion to be filed)
                                        Thomas H. Curtin
                                        thcurtin@powleygibson.com
                                        New York State Bar No. 2122364
                                        (*pro hac vice* motion to be filed)
                                        Stephen Ankrom
                                        smankrom@powleygibson.com
                                        New York State Bar No. 4609426
                                        (*pro hac vice* motion to be filed)

                                        POWLEY & GIBSON, P.C.
                                        304 Hudson Street – Suite 202
                                        New York, NY 10013
                                        Telephone: (212) 226-5054
                                        Facsimile: (212) 226-5085

                                        Counsel for Plaintiff
                                        ENERGY INTELLIGENCE GROUP, INC.